**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                -against-

LOWRITA RICKENBACKER,

                         Defendant.

-----------------------------------------------------------X

**ORDER**
02-cr-00657-ADS-ARL

**SPATT, District Judge.**

      On December 23, 2005, following the entry of a guilty plea, Rickenbacker was sentenced to a term of imprisonment of twenty-four months for violating her terms of supervised release. On December 27, 2005, through her assigned counsel, Rickenbacker filed a notice of appeal contending that the judgment of conviction should be reversed.

      On February 13, 2006, the defendant wrote a letter to the Court recounting her troubled history and alleged instances of "comments, jokes, gestures, and looks coming from the correctional staff . . . ." The defendant also writes that she has been the subject of harassment by the prison officials, allegedly in retaliation for making complaints about their unlawful conduct.

      On March 21, 2006, the pro se defendant filed the following motions: (1) to stay her sentence, pursuant to Rule 38(b) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and to release her from imprisonment pending the appeal under

18 U.S.C. § 3143(b); and (2) requesting that the Court review a letter regarding the misconduct of jail officials, citing Rule 35(b) of the Fed. R. Crim. P.

In order for a person who has been found guilty of an offense to be released pending appeal, the Court must find, among other conditions, that "the appeal is not for the purposes of delay and raises a substantial question of law or fact . . . ." 18 U.S.C. § 3143. In this motion, the pro se defendant contends that the appeal has merit based on the following grounds: (1) the sentence was based on a partial report summary from the U.S. Probation Department; (2) a "[c]hange in status of the case;" (3) inability to rehabilitate while in custody due to overcrowding and lack of resources; and (4) "circumstances of hardship while in custody." The Court finds no merit in any the grounds listed by the defendant. Accordingly, the defendant's motion to be released pending appeal is denied.

As to the request to review the letter, the rule that the defendant cites, Rule 35(b), involves reducing a sentence of a defendant, upon motion from the government, in the event the defendant provides "substantial assistance" to the government. Construing the pro se defendant's motion liberally, it appears that the defendant is seeking a reduction of her sentence based upon her reports of misconduct in the jail. However, the rule cited by the defendant is inapplicable. Only the government can make such a motion. Accordingly, although the Court has reviewed the letter as requested, Rickenbacker's motion under Rule 35(b) is denied.

**SO ORDERED.**
Dated: Central Islip, New York
April 7, 2006

                                                                                  */s/ Arthur D. Spatt*
                                                                                    ARTHUR D. SPATT
                                                                         United States District Judge